SAMUEL B. LOGAN *vs.* JAMES R. DOCKRAY.

Suffolk. February 2, 1888. — March 2, 1888.

Present: MORTON, C. J., DEVENS, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Contract — Construction — Written Agreement.*

A written agreement by the assignee of a mortgage to pay to his assignor "one half of the amount collected on said mortgage over and above" or "in excess" of the sum paid by him in cash upon the assignment, must be construed to mean the gross amount so collected, without deducting expenses or disbursements.

CONTRACT for breach of the following agreement: " S. B. Logan, of Chelsea, having assigned to me a chattel mortgage

signed by John W. Fletcher, and dated February 5, 1884, I hereby agree to pay to said Logan one half of the amount collected on said mortgage over and above one hundred and fifty dollars. That is, I agree to pay to said Logan one half of the excess over one hundred and fifty dollars collected on said mortgage by me or my assigns. James R. Dockray. Boston, May 9, 1884."

At the trial in the Superior Court, before *Bacon*, J., it was admitted that the mortgage referred to in the agreement was a second mortgage of the face value of $350, subject to a prior mortgage of $2,500 upon the same chattels. The defendant offered to prove that whatever he received over and above $150, the amount paid by him to the plaintiff upon the assignment of the second mortgage to him, was used by him in protecting the second mortgage from being wiped out by the sale of the chattels under a foreclosure of the first mortgage, and in expenses incurred in collecting the amount of the second mortgage, and contended that the written contract should be construed as an agreement to divide the net amount received from the second mortgage in excess of the $150 paid by him to the plaintiff, and not as an agreement to divide the gross amount in excess of that sum, and requested the judge so to rule.

The judge declined so to rule, but ruled that, under the agreement, the defendant was liable to the plaintiff for one half of the gross amount in excess of $150 collected by him on the second mortgage, without deducting the expenses and disbursements incurred and paid out by him in so doing; and the defendant alleged exceptions.

*H. J. Edwards*, for the defendant.

*O. B. Mowry*, for the plaintiff.

C. ALLEN, J. The defendant took from the plaintiff the assignment of the second mortgage, of the face value of $350, subject to a prior mortgage of $2,500 upon the same chattels, for which he paid to the plaintiff $150 in money, and gave to him the written agreement declared on, by which he promised to pay to the plaintiff " one half of the amount collected on said mortgage over and above $150 "; that is, " one half of the excess over $150 collected on said mortgage by me or my assigns." The defendant now contends that he is only bound to pay one half of

the net amount collected by him over and above the $150, after deducting certain disbursements and expenses. But the agreement does not admit of this construction. There is nothing in the agreement to show that it was understood that the defendant would necessarily be put to any disbursements or expenses, or, if so, that they would probably be considerable in amount. The defendant took his chance. He was to retain $150 at all events, to reimburse himself for the sum paid to the plaintiff, and also to retain one half of the excess above that sum. If he had meant the net excess, after deducting whatever payments he might see fit to make, he should have said so. But there is nothing to show that he did not consider himself sufficiently protected by the reservation of one half of the gross excess; and such is the meaning of his words.

*Exceptions overruled.*